```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
RICHARD CAIRES,

                    Plaintiff,            16-cv-02651 (JGK)

          - v.-                           MEMORANDUM OPINION
                                          AND ORDER
FEDERAL DEPOSIT INSURANCE
CORPORATION,

                    Defendant.
------------------------------------
```
**JOHN G. KOELTL, District Judge:**

This suit is part of an ongoing effort by the *pro se* plaintiff, Richard Caires, to track down the current owner of a certain construction loan (the "Construction Loan") that may have been originated by Washington Mutual, Inc. ("WaMu"), or some other entity. The plaintiff seeks a declaration whether WaMu had the Construction Loan on its books and records, or as part of its assets and liabilities, at the time the defendant, the Federal Deposit Insurance Corporation (the "FDIC"), was appointed as the Receiver for WaMu in 2008. The FDIC has moved to dismiss the Amended Complaint for want of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the following reasons, the FDIC's motion is **granted**.

**I.**

When presented with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and a motion to dismiss on other grounds, the first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

In defending against a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Id.; see also Graubart v. Jazz Images, Inc., No. 02-CV-4645 (KMK), 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006). Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek, 600 F.3d 171, 175 (2d

Cir. 2010); APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by the body of decisional law that has developed under Rule 56 of the Federal Rules of Civil Procedure. Kamen, 791 F.2d at 1011.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a *pro se* complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Gonzalez v. J.P. Morgan Chase Bank, N.A., No. 16-CV-02611 (JGK), 2017 WL 122993, at *2-3 (S.D.N.Y. Jan. 12, 2017).

## II.

In 2006, the plaintiff alleges that he bought a property (the "Property"), which was financed by a $1 million mortgage loan "from what he thought was" WaMu. Am. Compl. ¶ 6. The

4

plaintiff alleges that, at some point, he refinanced the mortgage loan with a $5 million Construction Loan, which the plaintiff implies he also thought was from WaMu. Am. Compl. ¶ 7. Before construction was complete, WaMu was closed and taken over by the FDIC. Am. Compl. ¶ 7.

On September 25, 2008, the Office of Thrift Supervision (the "OTS") declared WaMu insolvent and appointed the FDIC as the Receiver for WaMu. See Grieser Decl. ¶ 3; Grieser Decl., Ex. A (OTS Appointment of the FDIC as the Receiver for WaMu); Grieser Decl., Ex. B (The FDIC Acceptance of Appointment as the Receiver for WaMu). On the same day, the FDIC entered into a Purchase and Assumption Agreement (the "P&A") with JPMorgan Chase Bank NA ("Chase"). Grieser Decl. ¶ 5; Grieser Decl., Ex C (The P&A). Pursuant to the P&A, the FDIC as the Receiver for WaMu, subject to several specified exceptions, sold and transferred to Chase "all right, title, and interest of the Receiver in and to all of the assets . . . of [WaMu] whether or not reflected on the books of [WaMu] as of [WaMu's] Closing." Grieser Decl., Ex. C ¶ 3.1. The P&A also provided for the transfer to Chase of records relating to the sold assets, including "Loan and collateral records . . . and other documents" and "deeds, mortgages . . . and other instruments or records of title." Grieser Decl., Ex C ¶ 6.1 (iv-v). The plaintiff claims that the P&A was "ill-conceived," Am. Compl. ¶ 8, and casts aspersions at the entire process that led Chase to acquire WaMu's assets. See Am. Compl. ¶¶ 8-14, 16.

Construing the pleadings liberally, the plaintiff alleges that he now doubts that WaMu was the actual lender for the loans for the Property, and thus claims that "the actual lender remains an unknown party." Am. Compl. ¶ 6. The plaintiff's doubts arise from other litigations with third-parties, including Chase (but not the FDIC), with respect to the Construction Loan. Am. Compl. ¶ 14-15, 18-20; see, e.g., Caires v. JP Morgan Chase Bank, N.A., No. 3:09-cv-02142 (VLB) (D. Conn.); Caires v. JPMorgan Chase Bank N.A., No. 16-cv-02694 (GBD) (S.D.N.Y); Caires v. Federal Home Loan Mtg. Corp., et al., No. 16-cv-04579 (PKC) (S.D.N.Y.). The plaintiff asserts that if WaMu originated the Construction Loan, then Chase should be the current owner of the Construction Loan. However, although the plaintiff is unsure, the plaintiff does not believe that Chase ever acquired the Construction Loan. The plaintiff surmises either (1) that WaMu never transferred the Construction Loan to the FDIC (which should have otherwise transferred the Loan to Chase pursuant to the P&A) because WaMu did not own the Construction Loan as of September 25, 2008; or (2) that the FDIC acquired the Construction Loan but failed to transfer it to Chase, meaning that the FDIC would today be the current owner of the Construction Loan. Am. Compl. ¶¶ 13, 19, 21.

The plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201, and also pursuant to the Fourteenth Amendment of the

6

United States Constitution, whether the Construction Loan was on the records and books, or an asset or liability, of WaMu as of September 25, 2008. Am. Compl. ¶¶ 27-29, 32, 38, 40.

### III.

The plaintiff wants the FDIC to tell him what it knows about the Construction Loan. The FDIC responds that this Court does not have jurisdiction over the plaintiff's claims because the plaintiff has not exhausted the statutorily-mandated administrative claims review process under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (the "FIRREA"), Pub. L. No. 101–73, 103 Stat. 183 (1989). The FDIC contends further that, even if the plaintiff had exhausted his applicable administrative remedies, this Court would not have jurisdiction because the FIRREA limits post-exhaustion jurisdiction over the plaintiff's claims to the United States District Court for the Western District of Washington, or the United States District Court for the District of Columbia.

"[The FIRREA] sets forth the regulatory and receivership powers and duties of the federal banking agencies." Augienello v. F.D.I.C., 310 F. Supp. 2d 582, 588 (S.D.N.Y. 2004) (citing 12 U.S.C. § 1821(d)). "Congress enacted FIRREA to establish a comprehensive administrative claims review process for the creditors and claimants of failed banks." Huggins v. F.D.I.C., No. 07-CV-5313 (RJD), 2010 WL 3926263, at *1 (E.D.N.Y. Sept. 29,

2010) (citing Walker v. F.D.I.C., 2009 WL 5216980 (JAG), at *1 n.1 (D.N.J. Dec. 29, 2009)); see also Miller v. F.D.I.C., 738 F.3d 836, 840 (7th Cir. 2013).

> [Sections] 1821(d)(3)-(13) sets forth the procedures by which the FDIC is authorized to resolve creditors' claims. Generally, the FDIC must provide notice to creditors of its appointment as receiver for the failed institution, informing creditors of the claims resolution process and the claims bar date. See 12 U.S.C. § 1821(d)(3)(B). If the creditor files a proof of claim before the claims bar date, the FDIC must either allow or disallow the claim and notify the creditor of its determination within 180 days. See id. § 1821(d)(5)(A)(i). If the claim is disallowed, the creditor may request further administrative review of the FDIC's determination or may "file suit on such claim (or continue an action commenced before the appointment of the receiver)" within 60 days of being notified of the FDIC's determination. Id. § 1821(d)(6)(A).

Huggins, 2010 WL 3926263, at *1. Section 1821(d)(13)(D) provides that:

> Except as otherwise provided in this subsection, no Court shall have jurisdiction over -
>
> (i) any claim or action for payment from, or any action seeking determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Courts have consistently held that "§ 1821(d)(13)(D) deprives courts of subject matter jurisdiction over claims against an institution in FDIC receivership until the claimant

8

complies with a mandatory statutory claims procedure. . . . Exhaustion of the statutory claims procedure is a jurisdictional requirement." JPMorgan Chase Bank, Nat. Ass'n v. Nell, No. 10-CV-1656 (RRM), 2012 WL 1030904, at *5 (E.D.N.Y. Mar. 27, 2012) (citing Carlyle Towers Condo. Ass'n, Inc. v. F.D.I.C., 170 F.3d 301, 307 (2d Cir. 1999)); see also, e.g., Nials v. Bank of Am., No. 13 CIV. 5720 (AJN), 2014 WL 1174504, at *6 (S.D.N.Y. Mar. 21, 2014); Augienello, 310 F. Supp. 2d at 588 & n.1 (collecting cases); Aber-Shukofsky v. JPMorgan Chase & Co., 755 F. Supp. 2d 441, 445 (E.D.N.Y. 2010). The exceptions to § 1821(d)(13)(D) "make crystal clear that judicial review is authorized only after a claimant files a proof of claim and the FDIC either denies the claim or fails to adjudicate the claim in a timely manner." Huggins, 2010 WL 3926263, at *2 (citation omitted).

The FDIC established December 30, 2008 as the deadline (the "Bar Date") for the filing of any proofs of claim against WaMu. Grieser Decl. ¶ 6. The FDIC publicized the Bar Date, along with relevant information about the claims process, in several newspapers. See Grieser Decl. ¶ 7; Grieser, Ex. D (Notices of the Bar Date). It is undisputed that the plaintiff did not submit a proof of claim by the Bar Date. See Grieser Decl. ¶ 8; Pl.'s Mem. Op. ¶ 12.

After the plaintiff initiated this action, the FDIC sent the plaintiff a notice advising him that the Bar Date had

passed, but that the FDIC might consider the claims regarding the Construction Loan if the plaintiff satisfied certain conditions, including submitting a proof of claim by October 17, 2016, along with evidence demonstrating that the plaintiff did not know about the appointment of the FDIC as the Receiver for WaMu in time to file his claim before the Bar Date. Grieser Decl. ¶ 8; Grieser Decl., Ex. E (Notice to Discovered Claimant to Present Proof of Claim). In response, the plaintiff submitted a proof of claim on October 17, 2016. Grieser Reply Decl. ¶ 2; Pl.'s Mem. Op. ¶ 12. That claim is currently pending before the FDIC. Grieser Reply Decl. ¶ 2. The determination period for the claim expires on or around April 17, 2017. Grieser Reply Decl. ¶ 2; see also 12 U.S.C. 1821(d)(5)(A)(i).

It is plain that the plaintiff has not exhausted the mandatory claims process under the FIRREA. The plaintiff's claims for declaratory relief clearly seek the determination of rights with respect to the Construction Loan, an asset of WaMu for which the FDIC was appointed as the Receiver. 12 U.S.C. § 1821(d)(13)(D)(i). Moreover, the allegations fault the FDIC with respect to its purported acts or omissions in the event that the FDIC, as the Receiver for WaMu, failed to transfer the Construction Loan to Chase pursuant to the P&A. 12 U.S.C. § 1821(d)(13)(D)(ii).

This Court accordingly does not have jurisdiction over the plaintiff's claims. See, e.g., Nials, 2014 WL 1174504, at *1-2, 6 (finding that the court lacked jurisdiction over, among other claims, declaratory relief claims against the FDIC as the Receiver for WaMu); Holt v. FDIC, No. 16-CV-3938 (CM) (S.D.N.Y. Nov. 29, 2016), Dkt. 4 (Order of Dismissal) at 3-5 (same); Bravo v. U.S. Bank Nat. Ass'n, No. 12-CV-1183 (ENV), 2013 WL 307824, at *3 (E.D.N.Y. Jan. 25, 2013); Nell, 2012 WL 1030904, at *7 ("As [the plaintiff] has thus failed to show exhaustion of his statutory remedies with respect to the FDIC, this Court lacks jurisdiction over the Borrower Claims, which must be dismissed."); Caires v. JP Morgan Chase Bank, 745 F. Supp. 2d 40, 50 (D. Conn. 2010) (noting, in a parallel litigation between Chase and the plaintiff involving the Construction Loan, that claims "arising from [WaMu's] lending or loan purchase activities prior to September 25, 2008, and . . . those liabilities remained with the FDIC as receiver and [are] subject to the FDIC's jurisdictional claim exhaustion requirements"); accord Willner v. Dimon, 849 F.3d 93, 107 (4th Cir. 2017) (holding that "a request for a declaratory judgment is a 'claim' within the meaning of FIRREA because the FDIC can provide declaratory relief" and collecting cases).[1]

---

[1] The same analysis applies to the extent that the plaintiff is seeking money damages. The plaintiff must exhaust his

In addition, even if the plaintiff had exhausted his administrative remedies, this Court would not have jurisdiction over the action. Section 1821(d)(6)(A) limits post-exhaustion jurisdiction over the plaintiff's claims to the United States District Court for the District of Columbia or the "district or territorial court of the United States for the district within which [WaMu's] principal place of business is located" --- thus, the United States District Court for the Western District of Washington, see Grieser Decl. ¶ 4. See, e.g., Nials, 2014 WL 1174504, at *7; Jaffe v. Capital One Bank, No. 09 CIV. 4106 (PGG), 2010 WL 691639, at *3 (S.D.N.Y. Mar. 1, 2010); Huggins, 2010 WL 3926263, at *4 ("All is not necessarily lost for [the plaintiff]. To the extent that he decides to file the required proof of claim and is dissatisfied with the FDIC's adjudication, he can, pursuant to 12 U.S.C. § 1821(d)(6), return to federal court and continue this action.").

The plaintiff's arguments in favor of jurisdiction are without merit.

The plaintiff argues that any allegations with respect to the possible failure by the FDIC to transfer the Construction Loan to Chase arose after the FDIC was appointed as the Receiver for WaMu. But that distinction is irrelevant to the

---

administrative remedies before a court can have jurisdiction over his claims.

jurisdictional inquiry because those allegations are necessarily based on alleged "acts or omissions" of the FDIC as the Receiver for WaMu. 12 U.S.C. § 1821(d)(13)(D)(ii). "The exhaustion requirement 'applies to any claim or action respecting the assets of a failed institution for which the FDIC is Receiver,' and extends to post-Receivership claims arising out of acts by the Receiver." Jones v. IndyMac Fed. Bank, No. 08-CV-5215 (JS), 2009 WL 2762815, at *2 (E.D.N.Y. Aug. 24, 2009) (quoting McCarthy v. F.D.I.C., 348 F.3d 1075, 1080 (9th Cir. 2003)); see also, e.g., Prieto v. Standard Fed. Sav. Bank, 903 F. Supp. 670, 673 (S.D.N.Y. 1995); F.D.I.C. v. Boyarsky, No. 94 CIV. 7482 (RWS), 1995 WL 373483, at *7 (S.D.N.Y. June 22, 1995); Bravo, 2013 WL 307824, at *1-2; accord Vill. of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 387 (6th Cir. 2008) (noting that "[t]he overwhelming majority of courts to address the issue have concluded that the administrative process applies to post-receivership claims" and collecting cases).[2]

---

[2] But see Homeland Stores, Inc. v. Resolution Trust Corp., 17 F.3d 1269 (10th Cir. 1994), in which the Court of Appeals for the Tenth Circuit held that "the term 'claim' as used in § 1821(d)(13)(D) should be interpreted to exclude claims . . . arising from management actions [of certain leases by] the RTC [the predecessor to the FDIC] after taking over a depository institution." Id. at 1274. In that case, the court noted the tension in mandating compliance with a review process for claims that might arise after a bar date at some point in the "indeterminate future due to management actions of the RTC," id. at 1274, and moreover that the RTC was behaving more like a conservator than a receiver in managing the failed depository

13

The plaintiff relies extensively on Deutsche Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp., 109 F. Supp. 3d 179 (D.D.C. 2015), but that case has nothing to do with exhaustion or any other jurisdictional issues relevant to this case. In that case, the plaintiffs filed a proof of claim by the Bar Date, and also sued in a jurisdictionally proper forum: the United States District Court for the District of Columbia. See id.

The plaintiff is incorrect that the FDIC manifested any intent in this action to consent to this Court's jurisdiction. In any event, the plaintiff is incorrect that the FDIC could consent to this Court's jurisdiction. See United States v. Cotton, 535 U.S. 625, 630 (2002) (noting that subject matter jurisdiction, "because it involves a court's power to hear a case, can never be forfeited or waived").

---

institution's leases in order to preserve the assets in question. Id. at 1275.
 The concerns animating Homeland Stores are inapplicable here because there can be no doubt that the Amended Complaint is challenging the FDIC's conduct as a Receiver "liquidat[ing] or winding up the affairs of" WaMu, 12 U.S.C. § 1821(c)(1)(A)(ii) (defining "Receiver"); see also Grieser Decl., Ex. C at 1 (describing the FDIC as the Receiver of WaMu); Am. Compl. ¶ 1 (same), and that the plaintiff could have filed his claims by the Bar Date. See Prieto, 903 F. Supp. at 672-73 (distinguishing Homeland Stores, which was concerned with situations where a claimant would "have no forum in which to present her claims," because the RTC provides claimants with a forum even for untimely claims).

14

The plaintiff's filing of an administrative claim with the FDIC after he filed this suit "is immaterial [because] subject matter jurisdiction is determined as of the filing of the complaint." Bravo, 2013 WL 307824, at *3 n.1. Moreover, the filing of the proof of claim does not solve the § 1821(d)(6)(A) jurisdictional issue because the plaintiff's litigation can only be brought in the United States District Court for the Western District of Washington, or the United States District Court for the District of Columbia.

The plaintiff has also brought a claim pursuant to the Fourteenth Amendment of the United States Constitution, but it is unclear what relief the plaintiff is seeking through that claim beyond declaratory relief. The plaintiff alleges that, "[T]he FDIC, violated the 14th [A]mendment . . . Constitution by allowing uncertainties about 12 U.S.C. § 1821(d), the Statute, while ignoring 12 U.S.C. § 1821(e) and the erroneous and fraudulent implementation invocation of FIRREA . . . by third parties, namely [Chase] herein. The FDIC essentially controls the statute." Am. Compl. ¶ 32. However, the plaintiff claims only that he is entitled to declaratory relief, see Am. Compl. ¶ 40, which must be addressed through the administrative claims process.

To the extent that the plaintiff is seeking relief that cannot be resolved through that claims process, see Bank of N.Y.

15

v. First Millennium, Inc., 607 F.3d 905, 921 (2d Cir. 2010) ("Courts interpreting the broad language of § 1821(d)(13)(D)(ii) have universally concluded that this provision bars only claims that could be brought under the administrative procedures of § 1821(d), not any claim at all involving the FDIC."), the claim must be dismissed for failure to state a claim. Even construing the Amended Complaint liberally, the allegations are insufficiently particularized to meet the fair notice threshold under Federal Rule of Civil Procedure Rule 8(a). See Gonzalez, 2017 WL 122993, at *9 n.12.

Moreover, the FDIC is a federal agency. The Fourteenth Amendment would thus appear to be inapplicable to this case. See D.C. v. Carter, 409 U.S. 418, 423 (1973). Furthermore, there is no explanation how the "statutes were misapplied" or "how those allegedly vague interpretations caused any violation of [the plaintiff's constitutional" rights. Holt v. FDIC, No. 16-CV-3938 (CM) (S.D.N.Y. Nov. 29, 2016), Dkt. 4 (Order of Dismissal) at 3 (dismissing identical claim for failure to state a claim).

It is unnecessary to reach the FDIC's remaining arguments that the Amended Complaint does not state a claim because this Court lacks subject matter jurisdiction over the action.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments

16

are either moot or without merit. For the foregoing reasons, the FDIC's motion to dismiss is **granted.** The Clerk is directed to enter judgment dismissing this action without prejudice because the Court lacks subject matter jurisdiction. The Clerk is directed to close this case. The Clerk is also directed to close all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**April 17, 2017**                  _____/s/_____
                                           **John G. Koeltl**
                                **United States District Judge**

17