**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------
**RICHARD CAIRES,**

                **Plaintiff,**                16-cv-02651 (JGK)

        - v.-                           **MEMORANDUM OPINION**
                                                 **AND ORDER**
**FEDERAL DEPOSIT INSURANCE**
**CORPORATION,**

                **Defendant.**
-------------------------------------
**JOHN G. KOELTL, District Judge:**

This action against the Federal Deposit Insurance Corporation (the "FDIC") arises from the efforts by the *pro se* plaintiff, Richard Caires, to track down the whereabouts of a certain loan.

In a Memorandum Opinion and Order dated April 18, 2017, this Court granted the FDIC's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the plaintiff's declaratory relief claims for want of subject matter jurisdiction. <u>Caires v. Fed. Deposit Ins. Corp.</u>, No. 16-CV-02651 (JGK), 2017 WL 1393735, at *6-7 (S.D.N.Y. Apr. 18, 2017). The Court also granted the FDIC's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claim under the Fourteenth Amendment of the United States Constitution for failure to state a claim to the extent that the Court had jurisdiction over that claim. <u>Id.</u> Familiarity with that decision, and the facts, underlying claims, and procedural history of this case is presumed.

Pursuant to the Memorandum Opinion and Order, the Clerk entered judgment dismissing the case on April 18, 2017.

The plaintiff has filed a "request for leave." See Dkt. 35. Construing the *pro se* plaintiff's papers liberally, the request seeks to vacate the judgment of dismissal and reopen the case pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, and for leave to file an amended complaint. To justify the applications, the plaintiff attaches a complaint that he filed against the FDIC on May 22, 2017, in the United States District Court for the District of Columbia. The plaintiff argues that, in that complaint, he has asserted tort claims against the FDIC that are unrelated to the claims dismissed in the Memorandum Opinion and Order dated April 18, 2017. The plaintiff contends that he should be allowed to assert those claims in this action.

For the following reasons, the plaintiff's applications are **denied**.

The motion pursuant to Federal Rule of Civil Procedure 59(e) is untimely. Motions to alter or amend a judgment pursuant to Rule 59(e) must be brought within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e); see also Smith v. City of N.Y., No. 12 CIV. 8131 (JGK), 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014). The plaintiff filed the present motion on May 22, 2017, outside the twenty-eight day window.

In any event, the application is without merit. To justify relief under Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009); Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000); see also Quinones v. N.Y. City Legal Police Dep't, No. 14 CV. 6253 (JGK), 2014 WL 6907581, at *1 (S.D.N.Y. Dec. 6, 2014).

The plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The proffered basis for reopening the action is not that the Court erred in dismissing the action, but that the plaintiff believes that he has tort claims against the FDIC that were not previously asserted in this action. That is not a basis to vacate the judgment.

The motion pursuant to Federal Rule of Civil Procedure 60(b) is likewise without merit. Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Construing the papers liberally, the plaintiff has not offered a basis for relief under the first five clauses of the Rule. Nor has the plaintiff demonstrated that he is entitled to relief under the sixth clause. Under that clause, the movant must show that the motion was filed within a "reasonable time" and that "extraordinary circumstances [ ] warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). The plaintiff has not alleged any facts demonstrating that extraordinary circumstances warrant relief under Rule 60(b)(6). See Ackermann v. United States, 340 U.S. 193, 199–202 (1950); see also Quinones, 2014 WL 6907581, at *2. The plaintiff's argument that he has other claims against the FDIC is not a sufficient basis for relief.

The plaintiff's motion for leave to file a new complaint is also without merit. The "grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial

4

court." Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 516 (S.D.N.Y. 2016) (citations omitted). However, "as is the case here, once judgment has been entered, 'the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" In re Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 119–20 (S.D.N.Y. 2007) (quoting Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)).

Because the plaintiff has failed to demonstrate that the judgment should be vacated under either Rule 59(e) or Rule 60(b), it follows that he cannot file an amended complaint. In any event, the plaintiff has failed to demonstrate that amendment would be anything but futile. The plaintiff has failed to show that the claims that he now seeks to assert would not be subject to the rulings dismissing his claims in the Memorandum Opinion and Order dated April 18, 2017, or that the proffered allegations would now be sufficient to state a claim against the FDIC.

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's "request for leave" is **denied.** The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**     **New York, New York**
            **June 21, 2017**            _____/s/_____
                                                      **John G. Koeltl**
                                        **United States District Judge**